*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAI GARLAND,

Plaintiff-Appellee,

v

WESTERN MICHIGAN UNIVERSITY and
WESTERN MICHIGAN UNIVERSITY BOARD
OF TRUSTEES,

Defendants-Appellants.

UNPUBLISHED
December 04, 2024
12:16 PM

No. 356156
Court of Claims
LC No. 20-000063-MK

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Defendants, Western Michigan University and Western Michigan University Board of Trustees (collectively, WMU), appeal by leave granted[1] the trial court's denial of WMU's motion for summary disposition under MCR 2.116(C)(10) regarding the claims of plaintiff, Kai Garland, for breach of contract and unjust enrichment related to Garland's payment of tuition and various fees and WMU's transition to remote teaching during the COVID-19 pandemic. For the reasons set forth in this opinion, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

During the Spring 2020 semester, Garland was a WMU student registered for 13 credit hours of classes. Of those credit hours, 7 were for online courses and 6 were for on-campus classes. Garland was charged tuition and various fees[2] when she registered for her Spring 2020 semester classes. The per-credit-hour tuition was the same for online and on-campus courses. Before

---

[1] *Garland v Western Mich Univ*, unpublished order of the Court of Appeals, entered May 7, 2021 (Docket No. 356156).

[2] These fees included an enrollment fee, a student assessment fee, a technology fee, a sustainability fee, and a payment plan enrollment fee.

registering for her classes, Garland agreed to WMU's Financial Responsibility Terms and Conditions agreement (Financial Responsibility Agreement). That agreement provided in relevant part as follows:

> I understand and agree that when I register for any class at Western Michigan University or receive any service from Western Michigan University, I accept full responsibility for all charges incurred at Western Michigan University, including but not limited to tuition, fees, housing, meals, books, health charges and other associated costs assessed as a result of my registration and/or receipt of services. I further understand and agree that my registration and acceptance of these terms constitutes a promissory note agreement and I promise to pay for all assessed tuition, fees and other associated costs by the published or assigned due date.

The agreement further stated, "I understand and agree that if I drop or withdraw from some or all of the classes for which I register, I will be responsible for paying all or a portion of tuition and fees in accordance with the published Academic Calendar."

The agreement also provided in a section titled "WITHDRAWAL":

> If I decide to completely withdraw from Western Michigan University, I will follow the withdrawal instructions for which I understand and agree are incorporated herein by reference. I understand that if I withdraw from a class after the 100% drop/add period, WMU refund policy will be followed.

Additionally, the agreement included the following clause:

ENTIRE AGREEMENT

> This agreement supersedes all prior understandings, representations, negotiations and correspondence between the student and Western Michigan University, constitutes the entire agreement between the parties with respect to the matters described, and shall not be modified or affected by any course of dealing or course of performance. This agreement may be modified by Western Michigan University if the modification is signed by me. Any modification is specifically limited to those policies and/or terms addressed in the modification.

On March 10, 2020, Governor Gretchen Whitmer declared a statewide state of emergency after the first two presumptive-positive cases of COVID-19 in Michigan had been identified. Executive Order No. 2020-4. On March 20, 2020, WMU President, Edward Montgomery, sent a message to students and families. This message stated in relevant part that the remainder of the semester would be conducted via "distance education," that residence halls would close on March 24 for students other than those with extenuating circumstances or those who had otherwise obtained permission to remain in residence halls, and that "financial consideration" would be provided to students affected by the early closure of residence halls and dining services. In this respect, WMU determined that it would offer a $1,000 account credit to eligible students with a meal plan and a $500 to eligible students without a meal plan.

Garland initiated this action in the Court of Claims on April 22, 2020. She alleged in her complaint that when WMU transitioned all classes to an online format for the remainder of the semester and instructed students to move out of on-campus housing if possible due to the COVID-19 pandemic, WMU did not offer adequate refunds or reductions in charges for tuition, room and board, and fees, even though the university was not providing the benefits that had been promised in exchange for those payments.

According to the complaint, Garland's "online classes [were] not commensurate with the same courses being taught in-person," she had not lived in on-campus housing since she left campus in March of 2020, she was no longer receiving the benefit of her meal plan, and she was no longer receiving the benefit of the services covered by the various fees she had paid to the university. Garland alleged that WMU had "retained the value of payments made . . . for tuition for live in-person instruction, room and board, and fees, while failing to provide the services for which those fees were paid."[3] Garland also alleged that WMU had "not reduced outstanding charges assessed against, but not yet paid by, Plaintiff . . . for tuition, room and board, and fees." She sought "a reduction in outstanding charges and a partial refund of tuition representing the difference in value of a half semester of live in-person instruction versus a half semester of online distance learning; a reduction in outstanding charges and the return of the unused portion of room and board costs proportionate to the amount of time that remained in the Spring 2020 semester when students were directed to move out of their on-campus housing; and, a reduction in outstanding charges and the full refund of the unused portion of each meal contract and a refund of a prorated share of fees."[4]

The complaint raised three counts of breach of contract, alleging that WMU had breached contracts with Garland for (1) tuition by failing to provide in return live, in-person instruction in a brick and mortar setting and instead moving to online instruction without a commensurate reduction in tuition charged; (2) room and board by failing to provide housing and meals for the entire semester and not refunding the unused portion of those payments; and (3) service fees by closing campus buildings and canceling student activities without refunding any of the fees that had been charged. The complaint also raised three counts of unjust enrichment based on the same factual allegations.

WMU moved for summary disposition under MCR 2.116(C)(10) of all Garland's claims with the exception of the breach-of-contract claim based on room and board. WMU argued that Garland's tuition-and-fee-based contract claims could not survive under the express contractual terms of the Financial Responsibility Agreement because that agreement provided that Garland accepted full responsibility for all tuition and fee charges upon registering for classes and there was no language indicating that WMU promised to provide in-person classes in a brick and mortar classroom in exchange for tuition or any specific level of "services" in exchange for the assessed

---

[3] We note that Garland's complaint indicates that she was suing on behalf of herself and others similarly situated. The issue of class certification is not currently before this Court.

[4] The complaint acknowledges that WMU had offered the partial credit, as previously described in this opinion, to student accounts for room and board for students who moved out by a certain date. The complaint alleged that the amount offered did not constitute a sufficient refund.

fees. WMU also argued that Garland's unjust enrichment claims were prohibited as a matter of law because the express contractual terms of the Financial Responsibility Agreement and the separate housing contract, which was also submitted into the record, cover the same subject matter as the unjust enrichment claims and a claim for unjust enrichment is not available if there is an express contract covering the same subject matter.

The trial court denied WMU's motion for summary disposition. The court first concluded that it was not apparent that the Financial Responsibility Agreement constituted the parties' entire contractual relationship because the Financial Responsibility Agreement referred to and incorporated a refund policy that had not been provided to the court. The trial court characterized Garland's tuition-and-fee-based contract claims as requests for refunds of tuition and fees on the grounds that she did not receive the full value of the courses and services for which she had paid tuition and fees, respectively. Noting that WMU had provided the Financial Responsibility Agreement without including the refund policy, the trial court ruled that WMU had failed to meet its burden under MCR 2.116(C)(10) to show that it was entitled to summary disposition on the two breach-of-contract claims. Alternatively, the trial court found the Financial Responsibility Agreement to be incomplete on its face. It concluded that parol evidence was necessary to address gaps in the agreement, as it lacked essential details such as the tuition amount, the types of services students were contracting for, and the mode, manner, and frequency of instruction.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 473; 986 NW2d 427 (2022). Summary disposition is proper under MCR 2.116(C)(10) "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 473-474. "[W]hether contract language is ambiguous is a question of law that we review de novo." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). "[T]he proper interpretation of a contract is also a question of law that we review de novo." *Id*. "Whether a specific party has been unjustly enriched is generally a question of fact," but "whether a claim for unjust enrichment can be maintained is a question of law, which we review de novo." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006). This Court "review[s] de novo a trial court's dispositional ruling on an equitable matter." *Id*.

"When reviewing a decision under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Zwiker*, 340 Mich App at 473. "In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). That burden may be met by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. (quotation marks and citation omitted). Once the moving party satisfies this burden,

-4-

[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Id*. at 362-363 (citations omitted).]

## III. ANALYSIS

On appeal, WMU argues that the trial court erred by denying its motion for summary disposition on Garland's breach-of-contract claims regarding tuition and fees. WMU argues that the Financial Responsibility Agreement does not contain any promise to provide in-person instruction in a brick-and-mortar setting or to provide other unspecified "services" for the entire spring semester. Thus, WMU argues that the trial court failed to apply the plain language of the Financial Responsibility Agreement, which governed the terms under which educational services were provided. Furthermore, WMU maintains that Garland has never been able to identify *any* contract where WMU made the promises alleged by Garland; i.e., the promise to provide in-person instruction in a brick-and-mortar setting and the promise to provide "services" for the entire spring semester.

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). "The party seeking to enforce a contract bears the burden of proving that the contract exists." *AFT Mich v State of Michigan*, 497 Mich 197, 235; 866 NW2d 782 (2015). Moreover, the party claiming a breach of contract is required to prove the "*terms*" of the contract that the defendant allegedly breached. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 554; 904 NW2d 192 (2017) (emphasis added).

Garland asserts that WMU violated its contractual obligations by (1) failing to deliver live, in-person instruction in a physical classroom as stipulated in exchange for her tuition and (2) not providing several unspecified "services" despite her payment of various additional fees. Although Garland did not include the referenced contract in her complaint, she states that WMU holds it. In response, WMU attached the Financial Responsibility Agreement to its motion for summary disposition. WMU claims that this contract governs the agreements between the parties regarding the educational instruction and services to be provided in exchange for tuition and fees. However, WMU contends that this agreement does not guarantee in-person instruction or any specific level of services.

In response to WMU's summary disposition motion, Garland argued that the Financial Responsibility Agreement did not comprise the entire agreement between the parties on these matters. Garland failed to provide any evidence supporting her claims regarding the contract. Throughout this appeal and in the trial court, Garland failed to provide evidence that WMU had made any contractual promises to deliver only in-person instruction or specific services in return for tuition and fees. Garland did not present evidence demonstrating that WMU had made an affirmative commitment to provide live, in-person instruction or a specified quantity or quality of

services. Instead, she continued to rely solely on her unfounded assertion that WMU had indeed made such contractual promises. Furthermore, she did not reference any language in the Financial Responsibility Agreement that would indicate such promises were made by WMU. When a motion under MCR 2.116(C)(10) has been properly supported, "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). In this action, Garland had the burden as plaintiff to show the existence of the contractual terms she sought to enforce. *AFT Mich*, 497 Mich at 235; *Van Buren Charter Twp*, 319 Mich App at 554. WMU met its burden to support its motion under MCR 2.116(C)(10) by supplying the relevant contract showing that the specific terms alleged by Garland did not exist and that she therefore could not establish a fundamental element of her claim. *Miller-Davis*, 495 Mich at 178; *Quinto*, 451 Mich at 362.

The burden then shifted to Garland to establish that a genuine issue of material fact existed, and since she would have had the burden of proof at trial on the dipositive issue whether the contractual term existed, she could not merely rely on allegations and denials to survive summary disposition. *Quinto*, 451 Mich at 362. "[T]he court cannot make a contract for the parties when none exists." *Zwiker*, 340 Mich App at 477 (quotation marks and citation omitted). Accordingly, WMU was entitled to summary disposition on Garland's tuition-based and fee-based contract claims. *Quinto*, 451 Mich at 362-363; see also MCR 2.116(G)(4) ("If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her."). The trial court erred by essentially reversing the relevant burdens in deciding the motion.

Garland also alleged three unjust enrichment claims based on tuition, fees, and room and board. WMU argues that the trial court erred by denying its summary disposition motion on these claims as well. To sustain a claim that a contract should be implied in law to prevent unjust enrichment, a plaintiff must show: "(1) receipt of a benefit by the defendant from the plaintiff and (2) which benefit it is inequitable that the defendant retain." *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 546; 473 NW2d 652 (1991) (opinion by RILEY, J.) (quotation marks and citation omitted).

However, because "[c]ourts may not imply a contract under an unjust-enrichment theory if there is an express agreement covering the same subject matter." *Zwiker*, 340 Mich App at 482. Here, the Financial Responsibility Agreement addressed the matters of tuition and fees, and the parties' agreement for room and board was addressed in the written housing contract. Therefore, WMU was also entitled to summary disposition on the three unjust enrichment claims, and the trial court erred by denying WMU's motion regarding these claims. *Zwiker*, 340 Mich App at 482.

We vacate the trial court's order denying WMU's motion for summary disposition, and we remand this matter to the Court of Claims for the entry of summary disposition in favor of WMU on all of Garland's claims, except for the room-and-board breach-of-contract claim. We do not retain jurisdiction. Defendant, having prevailed in full, is entitled to tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young

-6-